**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RONALD HUTCHINSON,

      Petitioner-Appellant,

v.

KEVIN MILYARD, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No.08-1329
(D.C. No. 1:08-CV-00797-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Colorado state prisoner Ronald Hutchinson ("Hutchinson") appeals, pro se,

from the district court's order dismissing his amended application for a writ of

habeas corpus under 28 U.S.C. § 2254. The district court concluded that the

application was barred by the one-year limitation period imposed by the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

Thus, the district court did not reach the merits of Hutchinson's § 2254

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application, which asserts that his August 22, 2005, sentences in Colorado cases 02CR1131 and 03CR2432 violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).

We granted Hutchinson a certificate of appealability, see 28 U.S.C. § 2253(c), on the issue of whether his habeas application challenging the sentences imposed upon resentencing was timely under AEDPA, and requested briefing from the State of Colorado on this issue.[1]  In its brief, Colorado argued that Hutchinson's application was not timely under § 2244(d)(1)(A).  (Resp't Br. at 4-14.)  However, the State conceded that the application was timely under § 2244(d)(1)(D), because the claims in the application did not arise until Hutchinson's August 22, 2005, resentencing became final, on October 7, 2005. The State therefore requested that we "vacate the order of dismissal and remand for consideration of the merits of Petitioner's claims."  (Id. at 16.)

We agree with the State's concession under § 2244(d)(1)(D).  Therefore, we need not decide whether Hutchinson's application for habeas relief was also timely under subsection (d)(1)(A).

The district court's order dismissing the application as untimely is REVERSED, and the case is REMANDED to the district court for a consideration of the merits of Hutchinson's habeas claims challenging his sentences of August

---

[1]We GRANT Hutchinson's motion to allow late filing of his Reply to the State's Answer Brief.

22, 2005.  Hutchinson's motion to proceed <u>in forma pauperis</u> on this appeal is

GRANTED.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge